PASCASIO MUÑOZ LAMBERTY, Petitioner and Appellant, v. VIRGILIO RAMOS, President of the Savings and Loan Fund Association of the Employees of the Insular Government, Respondent and Appellee.

No. 4443. Argued March 16, 1928.—Decided April 3, 1929.

*Pascasio Fajardo Martínez* for the appellant. *J. A. López Acosta, Acting Attorney General,* and *Felipe Janer, Assistant Attorney General,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

For the purposes of this opinion it is conceded that the board of directors of the defendant association exercises a quasi-judicial discretion in passing upon the application of an employee of the Insular Government who has resigned because of alleged permanent physical disability. See sections 1, 5 and 19 of Act 52 approved July 11, 1921, and section 20 thereof as amended in 1925, Session Laws, 766.

Section 20 provides that in the event of permanent disability a member of the association shall be entitled to relief and makes it the duty of the president to notify certain heads of departments and other insular officials.

Upon an application presented by Pascasio Muñoz Lamberty, now appellant herein, the district court entered an order to show cause why a writ of mandamus should not issue to compel the president of the Savings and Loan Fund Association to give the notice referred to in the preceding paragraph.

The president appeared and demurred to the application upon the ground that it did not state facts sufficient to justify an issuance of the writ. The district judge sustained the demurrer because the application did not contain an averment that the board of directors had found plaintiff to be permanently disabled, or that the board had abused its discretion in rejecting the claim.

Later an oral demurrer to a third amended application was sustained and the action dismissed.

This third amended application alleges, among other things, that plaintiff at the time of his resignation was unable to perform his official duties because of chronic bronchial asthma, incipient cataract, and a hernia which was beyond surgical aid because of the advanced age of plaintiff; that these ailments developed while plaintiff was in active service

and were the sole cause of his resignation on the ground of permanent physical disability; that when such resignation took effect plaintiff promptly prepared and presented to the Savings and Loan Fund Association a claim in writing based upon inability to discharge the duties of an employee in any capacity by reason of the said ailments; that this application was accompanied by medical certificates showing that plaintiff was permanently incapacitated and unable to do any kind of work; that plaintiff requested the said Savings and Loan Fund Association through its president to give the statutory notice (here the application follows the language of section 20, *supra*); that the said association, through its board of directors emphatically refused to approve the claim of plaintiff and declared that he was not disabled, in the face of proof of permanent physical disability beyond any reasonable doubt by medical certificates to that effect, and that the rejection of plaintiff's claim was unjust and an open abuse of discretion, committed for the sole and preconceived purpose of prejudicing the right conferred upon plaintiff by law because of his permanent disability.

Counsel for appellee do not rely upon any distinction that might be drawn between the averment of ultimate facts and the statement of mere conclusions of law in the application. Aside from the fact that an oral demurrer was sustained, there is nothing to show that the district judge had in mind any such question. In the circumstances we are disposed to give appellant the benefit of any doubt upon this point.

Taking the application at its full face value, the facts stated therein and admitted by the demurrer show an abuse of discretion on the part of the board of directors. Certainly the facts disclose a just claim against the association on the part of plaintiff, and an unexplained rejection of that claim by the board of directors. Such a showing is enough to justify the issuance of a preliminary writ in accordance with the doctrine laid down in *Tirado* v. *Pension Board*, 38 P.R.R. 901.

In so far as that decision was based on section 1329 of the Compiled Statutes, as construed by a majority of this court, the reasoning of the opinion is equally applicable to the facts in the case at bar. Mr. Chief Justice Del Toro and the writer do not find in section 1329, *supra,* any satisfactory evidence of an intention to abolish any of the established principles and rules governing the issuance of the writ of mandamus. Individual views on this subject need not be elaborated here. If the issuance of a writ in the instant case can be justified on other grounds, any difference of opinion as to the effect that should be given to section 1329 of the Compiled Statutes becomes for the purposes of this opinion a matter of minor importance.

Stereotyped formulas lead along the path of least resistance. The general rule that judicial discretion is not subject to review or control by mandamus, like most general rules, is not without exceptions. Frequently the question is whether or not the law intended the action of an inferior court or board to be final. Especially is this true where the determination of some questions calling for the exercise of judgment and discretion becomes necessary as a preliminary step to the performance of a ministerial duty. The truth is that superior courts, while exercising their own sound discretion in the use of this flexible writ, do review and control to some extent the discretion of inferior boards and tribunals, even "where the duty is such as necessarily requires the examination of evidence and the decision of questions of law and fact" (38 C. J. 598, par. 73), if this question be not complicated but simple and free from reasonable doubt, and if the determination thereof by the inferior board or tribunal is not intended to be final. Every border case must stand or fall on its own bottom.

In passing upon the question of permanent disability the board of directors of the Savings and Loan Fund Association was not confronted with any problem of statutory construction as was the Pension Board in the case of Tirado.

In the *Tirado Case* the only question involved was one of statutory construction. The facts were undisputed. Here the only question before the board of directors, and the only question decided by it, was the question of permanent physical disability. The power to determine that question was taken for granted by the board, and for the purposes of this opinion the existence of that power was conceded at the outset. Whether or not the decision of the board should be regarded as a final determination of the question decided is another matter.

The law does not confer upon the board of directors any authority to summon witnesses, to administer oaths or to take testimony. It does not expressly provide that the board shall pass upon the question of permanent physical disability. Whatever power the board has to consider that question must be derived by mere inference from the necessity for an examination and approval or rejection of each claim as presented, from the fact that the board of directors is the governing body of the association, and from the further circumstance that the board has the power to formulate reasonable regulation for carrying the law into effect.

The law imposes upon the president of the association, not upon the board of directors, a plain ministerial duty. The responsibility for any omission or failure to perform that duty rests upon the president, not upon the board of directors. The law does not even say in so many words that the president shall examine the claim, or satisfy himself as to the truth of any matter alleged by the claimant, before notifying the departmental and other heads of the different branches of the Insular Government. Whatever discretion he has arises by implication. Whether or not the death of a member has occurred, or whether or not a member has become permanently disabled, is not a complicated question. A determination thereof does not call for the exercise of any high degree of judgment or skill. It is purely preliminary to the performance of a ministerial act. The president, if in

doubt as to the justness of a claim, might put the claimant to his remedy by mandamus, but we are not prepared to say that a court should then refuse an alternative writ upon the theory that an adverse decision by the president was intended to be final.

So the president might refer the claim to the board of directors for investigation and report, and adopt the finding of the board as his own. But there is no statutory provision for such a reference and finding. Much less is there any indication that an adverse decision by the board shall be binding upon the president or upon the claimant. If the president adopts the conclusion reached by the board it becomes his own, and he can not shift the burden of responsibility by a suggestion that the action of the board is conclusive, in the absence of any evidence of a legislative intention that it should be so.

It is perhaps superfluous to add that, after a trial upon the merits, the court below should not disturb the finding of the board and of the president in the absence of manifest error in the weighing of the evidence submitted in support of the claim.

The judgment appealed from will be reversed and the case remanded for further proceedings not inconsistent herewith.